## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| NATCO PHARMA LTD., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 21-cv00396 |
| | § | |
| JOHN DOE, a seller on the online | § | |
| marketplace TradeIndia.com, | § | |
| | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff Natco Pharma Ltd. ("Plaintiff" or "Natco") for its Complaint against

Defendant John Doe ("Defendant" or "Doe"), a seller on at least the online marketplace

TradeIndia.com, alleges as follows:

1.      This is an action for permanent injunctive relief, damages, and further relief

based on Defendant's false advertising and unfair competition in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125.

## PARTIES

2.      Plaintiff Natco Pharma Ltd. is a corporation organized and existing under

the laws of India and having a principal place of business at Natco House, Road No. 2,

Banjara Hills, Hyderabad – 500034, Telangana, India. Plaintiff is a leading innovator,

manufacturer, and marketer of pharmaceutical products, and it distributes its products

throughout the world, including in the United States and in Minnesota.

3.      Defendant John Doe, upon information and belief, is doing business and has done business in Minnesota and elsewhere, selling and offering for sale a variety of products, including unauthorized prescription drug products under Natco's name, on at least the online marketplace TradeIndia.com.

4.      TradeIndia.com describes itself as "India's Best Sourcing Marketplace." Products for sale on TradeIndia.com are available for purchase in the United States, including within the State of Minnesota. Upon information and belief, Defendant John Doe is doing business and has done business in interstate commerce over the Internet, is accepting payments online, and is involved in selling infringing products to Minnesota residents, offering to sell infringing products to Minnesota residents, and shipping infringing products to Minnesota residents. Upon information and belief, Defendant has availed itself of the privilege of regularly transacting business with Minnesota residents, businesses, and individuals.

5.      Natco has not been able to obtain the identity of Defendant John Doe despite its reasonable efforts.

6.      Plaintiff contacted TradeIndia.com in an attempt to obtain the identity of Defendant John Doe. TradeIndia.com provided the IP addresses 139.59.25.86 and 139.59.17.146 in connection with the storefront associated with Defendant John Doe. These IP addresses are operated by third party DigitalOcean, LLC, 101 Avenue of the Americas, 10th Floor New York, NY 10013 ("DigitalOcean").

7.      On October 5, 2020, Natco filed a Request for Identity of Infringers against DigitalOcean pursuant to 17 U.S.C. § 512 in the United States District Court for the

2

District of Minnesota. That Action is styled *Natco Pharma Ltd. v. DigitalOcean, LLC*, Civil Action No. 20-mc-70 (D. Minn. filed October 5, 2020). Pursuant to subpoenas issued in that Action, DigitalOcean stated that the IP addresses 139.59.25.86 and 139.59.17.146 were assigned to a virtual private network ("VPN") service, Psiphon Inc., which is located at 583 Church Street, Toronto, Ontario Canada, M4Y 2E4 ("Psiphon"). Upon information and belief, third party Psiphon is in possession of the identity of Defendant John Doe. Psiphon's privacy policy states it does not share user-specific data with third parties, necessitating the use of formal discovery to obtain such information.

## NATURE OF ACTION AND JURISDICTION

8.      This is an action for false advertising and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act").

9.      This Court has federal question subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

10.     Personal jurisdiction over Defendant is proper in the District of Minnesota at least by virtue of the state longarm statute and Fed. R. Civ. P. 4(l) because, upon information and belief, Defendant conducts and has conducted business in this District via the online marketplace TradeIndia.com. Through at least that Internet website and online marketplace, upon information and belief, Defendant has marketed, offered to sell, and sold the accused products to residents of Minnesota. Defendant has purposefully directed its activities at Plaintiff, and the conduct of Defendant has caused and continues to cause harm and injury to Plaintiff in Minnesota and elsewhere.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c)(3).

## BACKGROUND

12.     Natco is a leading pharmaceutical company engaged in developing, manufacturing and marketing a wide variety of innovative pharmaceutical products. Natco markets and distributes its pharmaceutical products in over 40 countries around the world, including the United States, India, and Europe. Natco primarily focuses on niche therapeutic areas and complex pharmaceutical products.

13.     One area of focus is oncology. Natco develops, manufactures, and markets a wide variety of oncology formulations, including pharmaceuticals for haemato-oncology and solid tumors. Natco's oncology formulations are of decisive therapeutic importance in treating cancers of the blood, liver, kidney, lung, brain, breast, and ovary, among others. Examples of Natco's oncology formulations include, among others, Alphalan, Rasburnat, and Azacitidine. *See* https://www.natcopharma.co.in/our-business/domestic-formulations/oncology/.

14.     Companies that sell and distribute pharmaceuticals in the United States are required to abide by certain requirements the U.S. Food and Drug Administration ("FDA") imposes, including registering the company with the FDA and adhering to approval and labeling requirements.

15.     A version of Natco's Azacitidine formulation, in addition to numerous other of its oncology formulations, are approved for sale in the United States by the FDA. Natco's Alphalan and Rasburnat oncology formulations are not approved by the FDA for sale in the United States, but they are approved by the governing regulatory bodies in the countries in which these formulations are authorized for sale, including India.

4

16.     Natco's oncology formulations are prescription pharmaceutical products and are only available to customers with the prescription of an appropriately licensed health professional.

## DEFENDANT'S UNLAWFUL ACTIVITIES

17.     Defendant is not sponsored by or affiliated with Natco.

18.     Defendant has impersonated Natco and offered unauthorized Natco prescription drug products for sale on the online marketplace TradeIndia.com. Natco does not sell prescription drug products, or any products, on TradeIndia.com.

19.     In its commercial advertising and promotion, Defendant has stated and implied to customers and others that its TradeIndia.com storefront is sponsored by and/or affiliated with Natco, and that the products offered for sale and/or sold on Defendant's TradeIndia.com storefront are actually offered for sale and/or sold directly by Natco.

20.     Defendant has impersonated Natco by creating a false storefront on TradeIndia.com. Defendant's storefront is not authorized by Natco or affiliated with Natco. Upon information and belief, Defendant created false TradeIndia.com "Seller Profiles" at the following links: https://www.tradeindia.com/Seller-6530100-Natco-Pharma-Ltd-/ and https://www.tradeindia.com/Seller-24914124-Natco/product-services.html.

21.     Screenshots of Defendant's TradeIndia.com storefront are set forth below:





22.     A website printout of Defendant's "Seller Profile" shown in the screenshots above is attached hereto as Exhibit A.

23.     Defendant has made material false statements about the origin and/or sponsorship of its TradeIndia.com storefront and the goods sold thereon. Defendant falsely stated that the storefront is sponsored by Natco by using Natco's name and corporate description in the "Seller Profile" as shown in the screenshot below:



Defendant falsely identified the location of Natco as Delhi, when in fact Natco is located in Hyderabad, India. Defendant also falsely stated that Natco is the "supplier company" for the products for sale on its TradeIndia.com storefront; that Natco is one of the "top suppliers" and "leading sellers" of the listed products; and that Natco is a "verified seller" on the TradeIndia.com marketplace as shown in the screenshot below:

> About Natco Pharma Ltd. :-
>
> Registered in 2013 , Natco Pharma Ltd. has made a name for itself in the list of top suppliers of Pharmaceutical Oin
> The supplier company is located in New Delhi, Delhi and is one of the leading sellers of listed products.
> Natco Pharma Ltd. is listed in Trade India's list of verified sellers offering supreme quality of Clokeran 2 Tablets etc.

24.     These statements are false. Plaintiff Natco Pharma Ltd. in not a verified seller on TradeIndia.com, nor has Plaintiff granted Defendant permission or otherwise authorized Defendant to sell Natco products on TradeIndia.com.

25.     Defendant has offered for sale and sold numerous Natco products from its unauthorized TradeIndia.com storefront, including, for example, Natco's Azacitidine, Rasburnat, and Alphalan oncology formulations used in treating various types of cancer.

26.     Defendant has offered for sale and sold Natco's Azacitidine formulation on its unauthorized TradeIndia.com storefront. Defendant's unauthorized sales page for the

Azacitidine formulation can be found at the following link:

https://www.tradeindia.com/fp3395837/Azacitidine.html.

27.    Screenshots of the Azacitidine formulation listed on Defendant's

unauthorized TradeIndia.com storefront are set forth below:





28.    A website printout of Defendant's unauthorized sales page for the

Azacitidine formulation on TradeIndia.com shown in the screenshots above is attached

hereto as Exhibit B.

29.     Defendant has made material false statements about Defendant's product offerings. Defendant's unauthorized sales page stated that the Azacitidine formulation is "Offered By Natco Pharma Ltd." and listed the seller as "Natco Pharma Ltd." as shown in the screenshot below:



30.     These statements are false. Plaintiff Natco Pharma Ltd. is not the seller of the Azacitidine formulation listed on TradeIndia.com, nor has Plaintiff granted Defendant permission or otherwise authorized Defendant to sell the Azacitidine formulation on TradeIndia.com.

31.     Defendant copied the product photograph used in its unauthorized Azacitidine listing from Natco's website. Natco owns copyrights in the photographs on its website, including the Azacitidine photo used in Defendant's unauthorized listing. A comparison of Natco's copyrighted Azacitidine photograph and the photograph used by Defendant is as follows:

| Natco Website / Image | Trade India Website / Copy |
|---|---|
|  https://www.natcopharma.co.in/wp-content/uploads/2015/02/Xpreza.jpg | https://tiimg.tistatic.com/fp/1/003/395/xpreza-100mg-727.jpg |

32.    Defendant has also offered for sale and sold Natco's Rasburnat formulation on its unauthorized TradeIndia.com storefront. Defendant's unauthorized sales page for the Rasburnat formulation were located the following link: https://www.tradeindia.com/fp3395718/Rasburnat.html.

33.    Screenshots of the Rasburnat formulation listed on Defendant's unauthorized TradeIndia.com storefront are set forth below:





34.     A website printout of Defendant's unauthorized sales page for Rasburnat on TradeIndia.com shown in the screenshots above is attached hereto as <u>Exhibit C</u>.

35.     Defendant has made material false statements about Defendant's product offerings. Defendant's unauthorized sales page stated that the Rasburnat formulation is "Offered By Natco Pharma Ltd." and listed the seller as "Natco Pharma Ltd." as shown in the screenshot below:



36.     These statements are false. Plaintiff Natco Pharma Ltd. is not the seller of the Rasburnat formulation listed on TradeIndia.com, nor has Plaintiff granted Defendant permission or otherwise authorized Defendant to sell the Rasburnat formulation on TradeIndia.com.

37.     Defendant copied the product photograph used in its unauthorized

Rasburnat listing from Natco's website. Natco owns copyrights in the photographs on its

website, including the Rasburnat photo used in Defendant's unauthorized listing. A

comparison of Natco's copyrighted Rasburnat photograph and the photograph used by

Defendant is as follows:

| Natco Website / Image | Trade India Website / Copy |
|---|---|
|  https://www.natcopharma.co.in/wp-content/uploads/2015/02/Rasburnat.jpg | https://tiimg.tistatic.com/fp/1/003/395/rasburnat-718.jpg |

38.     Defendant has also offered for sale and sold Natco's Alphalan formulation

on its unauthorized TradeIndia.com storefront. Defendant's unauthorized sales page for

the Alphalan formulation were located at the following link:

https://www.tradeindia.com/fp3395668/Alphalan-Tablets.html.

39.     Screenshots of the Alphalan formulation listed on Defendant's

unauthorized TradeIndia.com storefront are set forth below:





40.    A website printout of Defendant's unauthorized sales page for Alphalan on TradeIndia.com shown in the screenshots above is attached hereto as Exhibit D.

41.    Defendant has made material false statements about Defendant's product offerings. Defendant's unauthorized sales page stated that the Alphalan formulation is "Offered By Natco Pharma Ltd." and listed the seller as "Natco Pharma Ltd." as shown in the screenshot below:



42.     These statements are false. Plaintiff Natco Pharma Ltd. is not the seller of the Alphalan formulation listed on TradeIndia.com, nor has Plaintiff granted Defendant permission or otherwise authorized Defendant to sell the Alphalan formulation on TradeIndia.com.

43.     Defendant copied the product photograph used in its unauthorized Alphalan listing from Natco's website. Natco owns copyrights in the photographs on its website, including the Alphalan photo used in Defendant's unauthorized listing. A comparison of Natco's copyrighted Alphalan photograph and the photograph used by Defendant is as follows:

| Natco Website / Image | Trade India Website / Copy |
|---|---|
| https://www.natcopharma.co.in/wp-content/uploads/2015/02/alphalan.jpg | https://tiimg.tistatic.com/fp/1/003/395/alphalan-tablets-668.jpg?tr=n-w200 |

## EFFECT OF DEFENDANT'S ACTIVITIES ON NATCO
## AND THE CONSUMING PUBLIC

44.     Defendant's false statements described above are aimed at, and are likely to, deceive recipients of those statements, which include consumers on TradeIndia.com and the general consuming public. Defendant's false statements are likely to have a material effect on the purchasing decisions of consumers. Defendant's activities described above are also likely to cause confusion, mistake or deception among purchasers and/or users of the parties' goods as to source or origin and/or as to any sponsorship or affiliation between, or endorsement by, Natco and Defendant.

45.     Natco has built a reputation as one of the world's foremost manufacturers and marketers of pharmaceutical products. Defendant's impersonation of Natco on TradeIndia.com, and its false statements that the Azacitidine, Rasburnat, and Alphalan formulations are available for purchase from Natco on TradeIndia.com, will falsely cause consumers to believe that they are purchasing these products directly from Natco, thereby having a material impact on their purchasing decisions. If consumers obtain these Natco products from an unauthorized seller and use them in a manner that causes harm to themselves or others, Natco will suffer irreparable harm to its goodwill and reputation with customers and in the marketplace.

46.     Natco does not sell its Rasburnat and Alphalan formulations in the United States. While they are approved by the governing regulatory bodies in the countries in which they are offered for sale, including India, Natco's Rasburnat and Alphalan formulations are not approved by the FDA for sale in the United States. One version of

15

Natco's Azacitidine formulation is approved by the FDA for sale in the United States, but not every version of Natco's Azacitidine product is so approved. Defendant's unauthorized offering for sale of the India-market Azacitidine, Rasburnat, and Alphalan formulations for sale on TradeIndia.com, makes it appear to the consuming public that these formulations are approved for sale in the United States or that Natco is selling or has sold unapproved formulations in the United States. For instance, consumers may enter a US phone number or use apps on the Apple and Android app stores to communicate with sellers. Due to these appearances created by Defendant's false statements, Natco will suffer irreparable harm to its goodwill and reputation with customers and in the marketplace.

47.     Plaintiff is damaged and suffers irreparable harm from Defendant's material false statements. While Defendant's webpages are currently unavailable and appear to have been removed as of the date of the Complaint, Defendant may put up these webpages, or any other false and misleading webpages, again in the future. Unless these statements of Defendant are enjoined by this Court, they will continue, and they will continue to cause irreparable injury to Natco and to the public for which there is no adequate remedy at law.

**COUNT I:**
**FALSE ADVERTISING UNDER THE LANHAM ACT**

48.     Natco repeats the allegations in Paragraphs 1-47 as if fully set forth herein.

49.     The acts of Defendant complained of herein constitute unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

50.     Defendant's material false statements made in commercial advertising or promotion misrepresent the nature, characteristics, and qualities of Natco's goods and/or commercial activities and Defendant's goods and/or commercial activities, all in violation of 15 U.S.C. § 1125(a).

51.     As a direct and proximate result of Defendant's above-described conduct, Natco has suffered and continues to suffer damages in an amount to be proven at trial, and the loss of goodwill.

52.     As a direct and proximate result of Defendant's above-described conduct, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

53.     Unless enjoined by this Court, Defendant's above-described conduct will cause irreparable injury, for which Natco has no adequate remedy at law, in the nature of injury to Natco's reputation and goodwill. Natco is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

54.     Defendant's actions were taken in willful, deliberate, and/or intentional disregard of Natco's rights. Natco is entitled to recover trebled damages, Natco's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT II:
## UNFAIR COMPETITION UNDER THE LANHAM ACT

55.     Natco repeats the allegations in Paragraphs 1-54 as if fully set forth herein.

56.     The acts of Defendant complained of herein constitute unfair competition

and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a)(1)(A).

57.     Defendant's activities are likely to cause confusion, mistake or deception

among purchasers and/or users of the parties' goods as to source or origin and/or as to

any sponsorship or affiliation between, or endorsement by, Natco and Defendant, all in

violation of 15 U.S.C. § 1125.

58.     As a direct and proximate result of Defendant's above-described conduct,

Natco has suffered and continues to suffer damages in an amount to be proven at trial,

and the loss of goodwill.

59.     As a direct and proximate result of Defendant's above-described conduct,

Defendant has been unjustly enriched and should be ordered to disgorge any and all

profits earned as a result of such unlawful conduct.

60.     Unless enjoined by this Court, Defendant's above-described conduct will

cause irreparable injury, for which Natco has no adequate remedy at law, in the nature of

injury to Natco's reputation and goodwill. Natco is entitled to injunctive relief pursuant to

15 U.S.C. § 1116.

61.     Defendant's actions were taken in willful, deliberate, and/or intentional disregard of Natco's rights. Natco is entitled to recover trebled damages, Natco's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant on all causes of action and as described as follows:

(a)     The Court enter an Order holding that Defendant has engaged in false advertising and unfair competition in violation of 15 U.S.C. § 1125(a);

(b)     The Court enter an Order permanently enjoining Defendant, its agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, from directly or indirectly falsely or misleadingly advertising any affiliation or sponsorship with Natco; requiring Defendant to remove all product listings for Natco products from any sales outlet, including without limitation TradeIndia.com; and prohibiting Defendant from selling or listing any Natco products for sale in the future on any sales outlet including without limitation TradeIndia.com;

(c)     The Court enter an Order granting Natco such other relief as the Court may deem appropriate to prevent the public from deriving any erroneous impression concerning the nature, characteristics, qualities, or benefits of Natco's products;

(d)     The Court enter an Order requiring Defendant to pay Natco damages in an amount to be determined at trial sufficient to compensate Natco for injury it has sustained as a consequence of Defendant's unlawful acts;

(e)     The Court enter an Order requiring Defendant to pay Natco damages in the amount of Natco's actual damages resulting from Defendant's false and misleading advertisements and marketing and unfair competition pursuant to 15 U.S.C. § 1117(a);

(f)     The Court enter an Order finding that that this is an exceptional case and requiring Defendant to pay Natco additional damages equal to three times the actual damages awarded Natco pursuant to 15 U.S.C. § 1117(a);

(g)     The Court enter an Order for an accounting be directed to determine Defendant's profits resulting from its illegal activities and such profits be paid over to Natco, increased as the Court finds to be just under the circumstances of this case pursuant to 15 U.S.C. § 1117(a);

(h)     The Court enter an Order finding that this case is an exceptional case and requiring Defendant to pay all of Natco's reasonable attorneys' fees, costs and expenses, including those available under 15 U.S.C. § 1117(a), and any other applicable law;

(i)     The Court enter an Order requiring Defendant to pay Natco pre-judgment and post-judgment interest on the damages awarded; and

(j)     The Court enter an Order awarding Natco such other and further relief as the Court deems just and equitable.

Respectfully submitted this 11th day of February 2021.

/s/William Schultz
Christopher Sorenson
William Schultz
Michael Erbele
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Email: csorenson@merhantgould.com
        wschultz@merchantgould.com
        merbele@merchantgould.com
Main Telephone: (612) 332-5300
Main Facsimile: (612) 332-9081